UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

MAURICE PATTERSON,

Defendant.

---

**<u>DECISION AND ORDER</u>**
26-CR-169 (WFK) (JAM)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Before this Court is defense counsel's ex parte declaration in support of Maurice Patterson's ("Defendant") motion for the issuance of a pretrial subpoena pursuant to Federal Rule of Criminal Procedure 17(c). Def.'s Aug. 5, 2026 Decl. ("Defendant's Motion" or "Def.'s Mot."). For the reasons set forth below, Defendant's Motion is DENIED in part and GRANTED in part. Defendant's Motion is DENIED without prejudice to renew his subpoena request with notice to the Government. Defendant's Motion is GRANTED solely to the extent it seeks to file the underlying declaration and motion ex parte and under seal.

## I. BACKGROUND

The Court assumes familiarity with the underlying issues in this action and only recites the factual and procedural history relevant to the instant issue.

On May 5, 2026, a U.S. Grand Jury returned a single-count indictment (the "Indictment") charging Defendant with one count of threatening a federal judge in violation of 18 U.S.C. § 115(a)(1)(B) and (b)(4). Indictment ¶ 1, ECF No. 6.[1] The Indictment alleges Defendant "knowingly threatened to assault and murder a United States judge, with intent to impede, intimidate, and interfere with such judge while engaged in the performance of official duties, and with intent to retaliate against such judge on account of the performance of official duties[.]" *Id.*

On June 9, 2026, the Court scheduled trial to commence on October 19, 2026. ECF No. 22.

---

[1] Citations are to the docket in *United States v. Patterson*, 26-CR-169. Page pincites refer to the ECF page numbers assigned to a filing, where available, and where no ECF heading is present, to the page numbers listed in the original filing

On August 5, 2026, Defendant submitted a sealed, ex parte declaration to this Court requesting the issuance of an ex parte pre-trial subpoena. *See generally* Def.'s Mot.

## II. DISCUSSION

It is well-established district courts within this Circuit have the discretion to permit ex parte applications for Rule 17(c) subpoenas. *See, e.g., United States v. Ray*, 337 F.R.D. 561, 571 (S.D.N.Y. 2020) (Liman, J.). However, such requests are granted "*only* where the proponent/defendant can demonstrate to the Court's satisfaction that he would be required to prematurely disclose trial strategy, witness list, or other privileged information in [his] application." *United States v. Shestakov*, 23-CR-16, 2024 WL 3345850, at *2 (S.D.N.Y. July 8, 2024) (Rearden, J.) (citing *United States v. Cahill*, 20-CR-521, ECF No. 76, at 3 (S.D.N.Y. Jan. 14, 2021) (McMahon, J.) (emphasis in original)).

The Court declines to permit Defendant to issue an ex parte pre-trial subpoena at this stage. If Defendant hereinafter chooses to issue the subpoena, the Government challenges said subpoena, and Defendant believes any reply to the challenge would reveal "trial strategy, witnesses, or other privileged information," *id.*, Defendant may seek to file his reply ex parte. However, the Court finds no compelling reason to do so for the subpoena itself.

For the foregoing reasons, Defendant's Motion is DENIED, in part, without prejudice to renew his subpoena request with notice to the Government. The Court GRANTS, in part, Defendant's request solely to the extent he seeks to file the underlying motion and declaration ex parte and under seal.

**SO ORDERED.**

**s/WFK**

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: August 12, 2026
Brooklyn, New York