UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| v. | : | **DECISION AND ORDER** 26-CR-169 (WFK) (JAM) |
| MAURICIO PATTERSON, | : | |
| Defendant. | : | |

**WILLIAM F. KUNTZ, II, United States District Judge:**

Before this Court is the Government's letter motion requesting the Court order a psychiatric or psychological evaluation of Mauricio Patterson ("Defendant") in contemplation of a hearing, pursuant to 18 U.S.C. § 4244(a)–(b), or, in the alternative, for Defendant to undergo a psychiatric or psychological evaluation pursuant to 18 U.S.C. § 3552(c) as part of the U.S. Probation Office's ("Probation") preparation of the presentence investigation report (the "PSR"). *See* Gov't Letter Mot. for Hearing at 1 ("Gov't Mot." or the "Motion"), ECF No. 33.[1] Defendant opposes the Motion. *See generally* Def.'s Letter Mot. in Opp. ("Def.'s Opp."), ECF No. 37. For the reasons set forth below, the Court **RESERVES** judgment on the Government's request for a hearing pursuant to 18 U.S.C. § 4244, **GRANTS** the Government's request for a psychiatric or psychological evaluation pursuant to 18 U.S.C. § 3552(c), and **ORDERS** Probation to conduct the evaluation and include its findings in the PSR.

## I. BACKGROUND

The Court assumes familiarity with the underlying issues in this action and only recites the factual and procedural history relevant to the instant issue.

On April 20, 2026, the Government filed a sealed complaint against Defendant in the U.S. District Court for the Southern District of New York. ECF No. 1. On April 21, 2026, Defendant was arrested. Apr. 21, 2026 Entry. Magistrate Judge Henry J. Ricardo held a detention hearing as to Defendant in the Southern District of New York the same day and ordered Defendant detained. ECF No. 4.

[1] Citations are to the docket in *United States v. Mauricio Patterson*, 26-CR-169. Page pincites refer to the ECF page numbers assigned to a filing where available, and where no ECF heading is present, to the page numbers listed in the original filing.

On April 22, 2026, Chief Judge Debra Ann Livingston of the U.S. Court of Appeals for the Second Circuit designated this Court to "perform the duties of the United States District Judge temporarily for the Southern District of New York" pursuant to 28 U.S.C. § 294(c).

On May 5, 2026, a U.S. Grand Jury returned a single-count indictment charging Defendant with one count of threatening a federal judge in violation of 18 U.S.C. § 115(a)(1)(B) and (b)(4). ECF No. 5. On May 7, 2026, Magistrate Judge Joseph A. Marutollo arraigned Defendant on the indictment—at which time Defendant pled not guilty—and Magistrate Judge Marutollo continued Defendant's detention without prejudice to Defendant submitting a bail application. May 7, 2026 Min. Entry; ECF No. 9.

On August 21, 2026, Defendant filed a letter motion requesting a change-of-plea hearing, which the Court scheduled for August 25, 2026. ECF Nos. 25–26.

On August 25, 2026, the Government filed a superseding information (the "Superseding Information") charging Defendant with "knowingly assault[ing] a United States judge, with intent to impede, intimidate, and interfere with such judge while engaged in the performance of official duties, and with intent to retaliate against such judge on account of the performance of official duties" in violation of 18 U.S.C. § 115(a)(1)(A) and (b)(1)(B)(i). ECF No. 27. The Court held the change-of-plea hearing the same day, during which Defendant pled guilty to the sole count of the Superseding Information pursuant to a written plea agreement. ECF No. 28. At the hearing, the Government also provided the Court with a letter request from defense counsel to defer prosecution in this matter or proceed pursuant to a misdemeanor plea. *See* Def.'s Letter at 1, ECF No. 29.

On October 13, 2026, the Government filed a letter motion requesting the Court order a psychiatric or psychological evaluation of Defendant in contemplation of a hearing, pursuant to

18 U.S.C. § 4244(a)–(b), or, in the alternative, for Defendant to undergo a psychiatric or psychological evaluation pursuant to 18 U.S.C. § 3552(c) as part of Probation's preparation of the PSR. Gov't Mot. at 1. On September 28, 2026, Defendant opposed the Motion. *See generally* Def.'s Opp. The Government filed its reply on October 9, 2026. ECF No. 38.

## II. LEGAL STANDARD

In 1984, the U.S. Congress "created statutory procedures for courts faced with defendants who pre-sentence, but post[-]trial or plea, appeared to be suffering from mental illness." *United States v. Gigante*, 982 F. Supp. 140, 174 (E.D.N.Y. 1997) (Weinstein, J.) (citing the Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, § 403(a), 98 Stat. 2061 (1984)) *aff'd*, 166 F.3d 75 (2d Cir. 1999). Specifically, pursuant to 18 U.S.C. § 4244, "[a] defendant found guilty of an offense, or the attorney for the Government, may, within ten days after the defendant is found guilty, and prior to the time the defendant is sentenced, file a motion for a hearing on the present mental condition of the defendant[.]" Any such motion must be supported by "substantial information[.]" *Id.* The court "shall grant the motion . . . if it is of the opinion that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility." *Id.*

Alternatively, 18 U.S.C. § 3552 provides a separate mechanism for the issuance of pre-sentence mental health evaluations. Pursuant to 18 U.S.C. § 3552(c), before or after receiving the presentence investigation report, a court may order a psychiatric or psychological examination and report if it "desires more information than is otherwise available to it as a basis for determining the mental condition of the defendant[.]" *Id.*

## III. DISCUSSION

### A. The Government's Motion is Timely

Defendant first argues the Motion is untimely because the Government "never raised its intention to seek hospitalization pursuant to 18 U.S.C. § 4244 or any other statute prior to, or at the time of, [Defendant's] plea." Def.'s Opp. at 2.

As a preliminary matter, the Government is well within the timeline prescribed by statute. Pursuant to 18 U.S.C. § 4244(a), any such motion must be made "within ten days after the defendant is found guilty, and prior to the time the defendant is sentenced[.]" Defendant pled guilty to the offense on August 25, 2026, *see* Aug. 25, 2026 Min. Entry, and the Government filed the Motion ten days later on September 4, 2026, *see* Gov't Mot. at 1. Moreover, 18 U.S.C. § 3552(c) states only that a court may order such a report "before or after its receipt of [the presentence investigation report][.]" Thus, the Motion does not run afoul of either statutory timeline.

Defendant further argues "in practice, if either party is considering bringing a motion under 18 U.S.C. § 4244, it is contemplated as *part* of the plea." Def.'s Opp. at 3 (emphasis in original). But there is a difference between what one party views as customary and what is required by law. The Court is not aware of any authority stating a motion pursuant to 18 U.S.C. § 4244(a) *must* be agreed upon by the parties prior to signing a plea agreement.

Neither case Defendant cites support such a conclusion. *See id.* (citing *Lynch v. United States*, 20-CV-7210, 2022 WL 2916092 (S.D.N.Y. July 25, 2022) (Preska, J.); then citing *United States v. Jensen*, 639 F.3d 802 (8th Cir. 2011)). Both *Lynch* and *Jensen* considered plea agreements expressly noting that one or both of the parties would affirmatively file an 18 U.S.C. § 4244 motion after the respective defendants' guilty pleas. *See Lynch*, 2022 WL 2916092, at *2

(noting the parties negotiated and "stipulated that the Government would not oppose a post-plea motion pursuant to 18 U.S.C. § 4244"); *Jensen*, 639 F.3d at 803 ("As part of a plea agreement, the government and [the defendant] moved for a hearing pursuant to 18 U.S.C. § 4244(a) to determine if [the defendant] suffered from a mental disease or defect and should be provisionally sentenced to a suitable treatment facility in lieu of incarceration."). Neither case goes as far as saying the parties were *required* to include such a provision in the plea agreements in order to file under 18 U.S.C. § 4244. Furthermore, it is not for the Court to determine what the parties should, or should not, have considered during plea negotiations. The parties were free to make stipulations, including one pertaining to 18 U.S.C. § 4244. They were equally free not to do so.

Relatedly, Defendant argues "[t]he legislative history of 18 U.S.C § 4244 shows that Congress was concerned about government attorneys misusing involuntary hospitalization in plea bargaining." Def.'s Opp. at 3 (citing S. Rep. 98-225 at 234). However, the legislative history Defendant cites concerns a prosecutor who files a commitment motion *and then* initiates plea negotiations. S. Rep. 98-225 at 234. Moreover, this portion of the legislative history is more appropriately viewed as concerning 18 U.S.C. § 4241(a), not 18 U.S.C. § 4244. *See id.* Here, the Government filed the Motion *after* Defendant pled pursuant to a written agreement, and it seeks relief under 18 U.S.C. § 4244, not § 4241. Thus, the legislative history Defendant cites is inapposite.

Defendant next asserts, because "the Court found based on the representations of the parties and its own observations of [Defendant] that he was fully competent to proceed" during the change-of-plea hearing, "[t]here is no reason to second-guess that finding now[.]" Def.'s Opp. at 3.

A defendant's competence may be challenged "[a]t any time after the commencement of a prosecution[.]" *Gigante*, 982 F. Supp. at 167. Moreover, Defendant appears to conflate competency with issues pertaining to a defendant's mental health under 18 U.S.C. § 4244. Courts have drawn a distinction between a competency determination, governed by 18 U.S.C. § 4241, and "whether a mentally ill defendant is in need of 'custody for care or treatment in a suitable facility' rather than imprisonment" at the sentencing phase, pursuant to 18 U.S.C. § 4244. *United States v. Chaudhury,* 646 F. Supp. 2d. 1140, 1144 (N.D. Cal. 2009) (Breyer, J.) (citing 18 U.S.C. § 4244). As the Eighth Circuit noted in *Jensen*, 18 U.S.C. § 4244 "involves mental-health issues *separate* from questions of competency[.]" 639 F.3d at 803 (emphasis added); *see also United States v. Morris*, 550 F. Supp. 2d 1290, 1293–94 (M.D. Ala. 2008) (Thompson, J.) ("18 U.S.C. § 4241 and 18 U.S.C. § 4244 have two different roles"); *Chaudhury*, 646 F. Supp. 2d at 1146 (characterizing 18 U.S.C. § 4241 and 18 U.S.C. § 4244 as "separate inquiries"); *United States v. Gigante*, 996 F. Supp. 194, 198 (E.D.N.Y. 1998) ("Mental illness is not equivalent to mental incompetence.") (Weinstein, J.).

In short, Defendant's competency at the change-of-plea hearing does not foreclose the Government's Motion and does not provide the full picture of Defendant's mental health at the sentencing phase.

### B. A Mental Health Evaluation and Report Will Provide the Court with Information Necessary for Sentencing

Defendant argues the Government has failed to provide an adequate basis for an 18 U.S.C. § 4244 evaluation and hearing, *inter alia*, because Defendant's circumstances do not show hospitalization is necessary in lieu of incarceration with a special condition for mental health treatment. *See* Def.'s Opp. at 4–6. Defendant also asserts an evaluation pursuant to 18 U.S.C. § 3552(c) is not warranted because it would delay sentencing and "the Court is fully

capable of assessing [Defendant]" based on materials already available to the Court. *See* Def.'s Opp. at 6–7.

The Court agrees the mere existence of mental illness is insufficient, on its own, to warrant hospitalization pursuant to 18 U.S.C. § 4244. Courts have long found "a defendant may suffer from some degree of mental illness but not necessarily be a candidate for hospitalization under [18 U.S.C. § 4244]." *Gigante,* 982 F. Supp. at 174–75; *see also United States v. Buker,* 902 F.2d 769, 770 (9th Cir.1990) ("Congress obviously envisioned the possibility that a defendant might be found to be suffering from a mental defect or disease but that it would be unnecessary to commit that person for treatment in lieu of imprisonment.").

However, it is also clear Defendant's mental health is pertinent to sentencing in this case. 18 U.S.C. § 3553(a)(2)(D) requires the Court to consider "the need for the sentence imposed . . . to provide the defendant with needed education of vocational training, medical care, or other correctional treatment in the most effective manner[.]" On the current record, the Court does not find it has sufficient information to evaluate the role Defendant's purported mental illness should play in determining the most effective correctional treatment. *See* 18 U.S.C. § 3552(c) (permitting the Court to seek a psychological or psychiatric report when it "desires more information" as to the "mental condition of the defendant").

Because this Court—and the parties—have expressed an intention to proceed to sentencing with alacrity, *see* Gov't Reply at 7, ECF No. 38 ("The Government shares the Court's and [Defendant's] desire to proceed to sentencing as soon as possible."); Def.'s Opp. at 6 (noting Defendant "wishes to proceed to sentencing as expeditiously as possible."), the inclusion of a psychiatric or psychological evaluation as a supplement to the PSR will best balance the need for additional information with the need to move forward expeditiously.

If, after the parties have had the opportunity to evaluate (and, if necessary, object to) the PSR and report, the Court finds a hearing pursuant to 18 U.S.C. § 4244 is necessary to address the issue of a provisional sentence, it will order such a hearing.[2] For now, a report pursuant to 18 U.S.C. § 3552(c) will provide the Court with a more fulsome understanding of Defendant's mental illness to proceed toward sentencing.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court RESERVES judgment on the Government's request for a hearing pursuant to 18 U.S.C. § 4244. The Court GRANTS the Government's request for a psychiatric or psychological evaluation pursuant to 18 U.S.C. § 3552(c) and ORDERS Probation to conduct the evaluation and include its findings in the PSR.

**SO ORDERED.**

**s/WFK**

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: October 27, 2026
Brooklyn, New York

---

[2] The Court has the power to order a hearing pursuant to 18 U.S.C. § 4244 sua sponte. *See United States v. Silicani*, 650 Fed. Appx. 633, 634 (10th Cir. 2016).

[3] Furthermore, whether ordered pursuant to 18 U.S.C. § 4244 or 18 U.S.C. § 3552(c), the substantive requirements of the psychiatric or psychological report are similar at this phase. *See* 18 U.S.C. § 4244(b) (cross-referencing to the requirements enumerated in 18 U.S.C. § 4247(c)); 18 U.S.C. § 3552(c) (permitting courts to "order the same psychiatric or psychological examination and report thereon as may be ordered under section 4244(b) of this title"). Both statutory schemes require the report to include: 1) the person's history and present symptoms; 2) a description of the psychiatric, psychological, and medical tests that were employed and their results; 3) the examiner's findings and 4) the examiner's opinions as to diagnosis and prognosis. *See* 18 U.S.C. § 4247(c)(1)–(4). The only substantive difference can be found in 4247(c)(4)(E) and (F). Pursuant to 18 U.S.C. § 4247(c)(4)(E), a report ordered pursuant to 18 U.S.C. § 4244 shall include information pertaining to "whether the person is suffering from a mental disease or defect as a result of which he is in need of custody for care or treatment in a suitable facility" while a report ordered pursuant to 18 U.S.C. § 3552(c) shall include "any recommendation the examiner may have as to how the mental condition of the defendant should affect the sentence."